**KENTUCKY BAR ASSOCIATION, Appellant,**

v.

**TAI–WING WONG, Appellee.**

**No. 2001–SC–0234–KB.**

Supreme Court of Kentucky.

May 24, 2001.

## OPINION AND ORDER OF SUSPENSION

Tai–Wing Wong of Louisville, Kentucky, is charged with two counts of unethical behavior and unprofessional conduct. Both arose from her representation of her clients in a will contest filed by Wong in the Jefferson Circuit Court. Following proceedings before the Trial Commissioner and an appeal before the Board of Governors, the Board found that Wong had indeed committed two punishable violations and imposed a 181–day suspension. No appeal has been filed to this court and we therefore accept the findings and recommendation of the Board. SCR 3.370(10).

Wong was retained to represent her clients, who were siblings, in a will contest in December 1996. She received over $1500.00 from her clients, and filed suit against the defendant in June 1997. The defendant filed an answer and counterclaim soon thereafter, stating that the home in which one of Wong's clients lived was part of the estate and sought, among other things, rent from that client. Wong filed no answer to the counterclaim. Over the next year and a half, Wong failed to respond to discovery and did not attend the scheduled deposition of one of her clients. She did no investigation and took no discovery. She did not appear for a motion, which resulted in the award of rent payments to the defendant in the suit, and failed to appear for her own motions to set aside that order. After appropriate notice and several opportunities to correct the deficiencies of her case, the trial court dismissed the action for violation of the Court's discovery orders and failure to prosecute. These failures formed the basis for the Board's finding that Wong had

failed to proceed diligently as counsel for her clients and was in violation of SCR 3.130(1.3).

The second charge was that Wong failed to adequately communicate with her clients regarding the status and progress of the lawsuit, thereby violating SCR 3.130(1.4)(a). As noted above, Wong represented siblings in this action, though one client was apparently to be her primary contact person for litigation purposes. The trial commissioner found, and the Board cited, the following failures in support of their findings of this violation: failing to advise her clients of the status of the litigation; failure to advise her clients of a settlement offer; failure to advise her clients that the case had been dismissed and the reason for said dismissal; failure to advise her clients of letters from opposing counsel regarding her client's need to vacate the house she was living in, as said house was part of the estate involved in the litigation, and; failure to advise her client that a forcible detainer had been issued against her. The Trial Commissioner found that throughout the entire representation, which lasted from December 1996 to Spring 1998, Wong wrote no more that three letters to her primary client and none at all to the siblings who were also plaintiffs. We agree with the Board's finding that Wong is in violation of SCR 3.130–1.4(a).

We note for the sake of completeness that Wong's defenses to the matter were: 1) she communicated by telephone with her client, a claim that the trial commissioner, who had the opportunity to observe her testimony, found unconvincing, and 2) she suffered from medical and familial problems that caused depression and stress. The trial commissioner found the latter claims insufficient to excuse her lack of diligence in this case, a finding with which we agree. She also offered as miti-gation the opinion that this was a doomed will contest from inception and that her client was uncooperative in providing discovery. We cannot judge the accuracy of this first opinion and note that even if the latter is true, it in no way excuses a failure to respond to a counterclaim or to advise a client that her lawsuit has been dismissed for lack of prosecution.

The Board of Governors reviewed Wong's prior disciplinary history and found that she had been privately reprimanded on three prior occasions (1989, 1996, 1997) and publically reprimanded once since her admission to the Kentucky Bar Association in 1976. The Board then voted 16 to 3 to impose a suspension of 181 days. The dissenters would have imposed a harsher penalty. Given the nature of Wong's violations and the harm done to her clients by the dismissal of their suit, we agree with the penalty recommended by the Board.

It is therefore ordered that:

1. Tai–Wing Wong is hereby found to be in violation of SCR 3.130–1.3 and SCR 3.130–1.4(a).

2. Tai–Wing Wong is hereby suspended from the practice of law for a period of 181 days. This suspension shall commence on the date of entry of this order and shall continue until such time as she is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

3. In accordance with SCR 3.450, Tai–Wing Wong is directed to pay the costs of the proceedings described in this opinion in the amount of $2574.41, for which execution may issue from this Court upon finality of this Opinion and Order.

In accordance with SCR 3.390, Tai–Wing Wong shall, within ten (10) days of the entry of this Order, notify all clients of her inability to represent them and furnish copies of said letters of notice to the Di-

rector of the Kentucky Bar Association. She shall also provide such notification to all courts in which she has matters pending.

All concur.

ENTERED: May 24, 2001.

/s/ Joseph E. Lambert
Chief Justice